**In re: Russell ROBINSON, Petitioner.**

**No. 06–5107.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. Jan. 19, 2007.

Filed May 3, 2007.

---

See also, 168 Fed.Appx. 497.

Russell Robinson, San Juan, PR, pro se.

BEFORE: MCKEE, FUENTES and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

█ Russell Robinson was charged with multiple crimes in a multi-defendant indictment filed on April 11, 2003. He was tried before a jury in the Virgin Islands and found guilty on August 3, 2005. Robinson filed numerous post-trial motions, each of which the District Court considered and disposed of. On December 22, 2006, Robinson filed a petition for a writ of mandamus with this Court pursuant to 28 U.S.C. § 1651, seeking to void his trial and prohibit the District Judge from proceeding with the sentencing hearing. He argues in the alternative that the jury did not, in fact, convict him and that the entire proceeding was invalid due to prosecutorial error.[1] Because Robinson was sentenced on February 16, 2006, his attempt to prevent sentencing is now moot.

█ To the extent that Petitioner seeks to have his trial declared void, we note that mandamus is a drastic remedy granted only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). To prevail, the petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, *and* the reviewing court must determine that the writ is appropriate under the circumstances. *Id.* at 378–79. Mandamus cannot be used as a substitute for appeal. *See, e.g., Id.* at 372. The regular appeal process for criminal cases clearly provides an adequate means for Robinson to raise his concerns about his trial. Present consideration of those claims would allow petitioner to circumvent that appeals process.

For the foregoing reasons, we will deny the petition for a writ of mandamus.

█

---

1. Petitioner also describes many other perceived errors in the proceeding but acknowl-edges that it is inappropriate to raise them at this time.